# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DANTE D. PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>    Defendant. | Case No. 4:20-cv-03386 |

## COMPLAINT

**NOW COMES** Plaintiff, DANTE D. PRICE, through undersigned counsel, complaining of Defendant, GC SERVICES LIMITED PARTNERSHIP, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. DANTE D. PRICE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. GC SERVICES LIMITED PARTNERSHIP ("Defendant") is a corporation organized and existing under the laws of Delaware.

8. Defendant has its principal place of business at 6330 Gulfton Street, Houston, Texas 77081.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. In or around July of 2020, Plaintiff started to receive collection phone calls.

12. Upon answering said collection phone calls, Plaintiff discovered it was Defendant calling attempting to collect an alleged consumer debt.

13. The alleged consumer debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On multiple occasions, Plaintiff answered these collection calls.

15. Defendant's representative stated they were attempting to reach a Ms. Erika Oliver.

16. Plaintiff explained this was not Ms. Erika Oliver that Defendant had the wrong number and requested they stop contacting him.

17. Despite Plaintiff's requests, these unwanted and unconsented to collection calls persisted.

18. Plaintiff answered a number of collection calls after initially requesting Defendant stop contacting him.

19. Defendant continued to ask if this was Ms. Erika Oliver and/or if Plaintiff knew how to reach Ms. Erika Oliver.

20. Plaintiff again requested the collection calls cease.

21. Unfortunately, Plaintiff continues to receive unwanted and unconsented to collection calls from phone numbers leading back to Defendant, including but not limited to, (513) 810-4238.

22. In total, Defendant has placed dozens of harassing collection calls to Plaintiff after he requested the collection calls cease.

## DAMAGES

23. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

24. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his phone while his phone was ringing.

25. Concerned with having had his rights violated, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

27. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

29. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

30. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

31. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease and informed Defendant he is not the person they are looking for is illustrative of Defendant's intent to harass and annoy Plaintiff.

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692d and d(5);

B.  an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 30, 2020

Respectfully submitted,

DANTE D. PRICE

By: */s/ Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com